

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00340-CV

IN THE INTEREST OF A.V., A CHILD

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2021-543,252, Honorable William Eichman II, Presiding

April 25, 2023

## CONCURRING OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

*MORTICIAN: Bring out your dead!*

*PEASANT: Here's one.*

*MORTICIAN: Nine pence.*

*DYING MAN: I'm not dead!*

*MORTICIAN: What?*

*PEASANT: Nothing! Here's your nine pence.*

*DYING MAN: I'm not dead!*

*MORTICIAN: Here – he says he's not dead!*

*PEASANT: Yes, he is.*

> *DYING MAN: I'm not!*
>
> *MORTICIAN: He isn't.*
>
> *PEASANT: Well, he will be very soon. He's very ill.*
>
> *DYING MAN: I'm getting better!*
>
> *PEASANT: No, you're not. You'll be stone-dead in a moment.*[1]

Horizontal stare decisis guarantees that holdings of intermediate appellate courts never die until a higher authority declares they are dead. In Texas, absent legislative enactment, such a declaration comes through the United States Supreme Court; our state's two highest appellate courts; or our own court, sitting en banc. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256–57 (Tex. 2022).

This Court's prior opinions have held that evidence of a parent's illegal drug use, alone, presents legally-sufficient evidence of grounds to support termination of parental rights pursuant to predicate ground (E)'s course-of-conduct endangerment element. *See In re J.L.C.,* 582 S.W.3d 421, 431 (Tex. App.—Amarillo 2018, pet. denied) (holding that illegal drug use may support termination under subsection 161.001(b)(1)(E) because "it exposes the child to the possibility that the parent may be impaired or imprisoned.") (citation omitted); *In re R.M.*, No. 07-12-00412-CV, 2012 Tex. App. LEXIS 10239, at *8 (Tex. App.—Amarillo Dec. 11, 2012, no pet.) (mem. op.) (same). However, in three opinions since 2021, one panel of this Court has stated in *dicta* that "mere drug use, standing alone" is not conclusive to support a finding under predicate grounds (D) or (E).[2]

---

[1] MONTY PYTHON AND THE HOLY GRAIL (Michael White Prod. 1975).

[2] In each of those cases, termination of the parent's rights was affirmed because of the evidence that permitted a reasonable factfinder to causally infer harm to the children.

*See In re H.G.*, No. 07-21-00278-CV, 2022 Tex. App. LEXIS 2687, at *17 (Tex. App.—Amarillo Apr. 25, 2022, pet. denied) (mem. op.); *In re J.S.*, No. 07-21-00110-CV, 2021 Tex. App. LEXIS 7701, at *12–13 (Tex. App.—Amarillo Sep. 17, 2021, pet. denied) (mem. op.); *In re A.A.*, 635 S.W.3d 430, 441 n.5 (Tex. App.—Amarillo 2021, pet. granted).[3]

Even though at least three justices on this four-member court have now expressly or implicitly questioned the notion that mere illegal drug use, without more, would be sufficient to warrant the termination of parental rights under predicate grounds (D) or (E), horizontal stare decisis requires that the proper means to test the viability of our former decisions must come through en banc review, direction by a higher court, or legislative edict. *Mitschke*, 645 S.W.3d at 256–57. Until such time that our earlier holdings on this question are rejected or refined, we are duty-bound to apply them. In that light, I join with Chief Justice Quinn in affirming the trial court's judgment.

Lawrence M. Doss
Justice

---

[3] In October 2022, the Supreme Court heard arguments in *In re A.A.*